IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

JONATHAN L. DEHAVEN,
DARUS D. MEBANE

    Defendant.

Case No. 16-20041-01-03-JAR

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Jonathan L. Dehaven's Motion to Reconsider Court's Order Extending Discovery Deadline (Doc. 35). Defendant Darus D. Mebane joins in Defendant Dehaven's motion. The Court held a hearing on September 7, 2016, at which time the Court heard oral argument from the parties concerning the motion. At the hearing, both Defendants asserted their speedy trial rights. The motion is fully briefed and the Court is prepared to rule. For the reasons stated below, the Court denies Defendant's motion and continues the Government's discovery deadline.

Defendants face charges of armed bank robbery pursuant to 18 U.S.C. § 2113 based on an alleged bank robbery on April 16, 2016. Defendant Dehaven is also charged with possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c). Defendants have been in custody since their arrest. On June 20, 2016, Defendants jointly moved to toll the speedy trial clock.[1] The Court held a hearing on Defendants' motion on July 12. At the hearing,

---

[1] Doc. 28.

the Court granted Defendants' motion to toll speedy trial and set a discovery deadline of August 12, a pretrial motions deadline of September 2, and set trial for November 2.[2]

On August 10, counsel for the Government contacted counsel for Defendants and requested an extension of the discovery deadline. Defendant Dehaven's counsel stated that he would need to have Defendant's approval before consenting to such an extension, but would be unable to speak with Defendant before the Government's deadline on August 12. Defendant's counsel suggested that the Government indicate in its motion for extension that Defendant took no position on its request. Counsel for Defendant Mebane took the same position. On August 11, the Government moved the Court for an extension of the discovery deadline until September 12, 2016, so that it could obtain search warrants for the cellular telephones obtained in this case, obtain search warrants for buccal swabs and allow for the processing of DNA reports at a crime laboratory, and allow time for the production of reports concerning the tennis shoes recovered in this case.[3] The Court granted the Government's motion on August 15.[4] Thereafter, Defendant Dehaven spoke with his counsel and explained that he did object to continuing the discovery deadline. Defendant filed the present motion on August 23, in which he argues that an extension of the discovery deadline would result in an extension of motions deadlines, and ultimately the trial date, thereby infringing on his right to a speedy trial.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to a speedy and public trial.[5] Pursuant to the Speedy Trial Act, a defendant must be brought to trial within 70 days of his first appearance.[6] Notwithstanding this rule, a court may exclude time

---

[2] Doc. 31.
[3] Doc. 33.
[4] Doc. 34.
[5] U.S. Const. amend. VI.
[6] 18 U.S.C. § 3161(c)(1).

attributable to a justifiable delay when computing the time within which trial must be held.[7]  For example, a continuance may be justified based on a court's finding "that the ends of justice served by taking such an action outweigh the best interest of the public and the defendant in a speedy trial."[8]  In balancing these interests, courts consider the following factors:

> **(i)** Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
> **(ii)** Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
> **(iii)** Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.
> **(iv)** Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.[9]

Here, although the Government could have acted more quickly in obtaining DNA and other evidence, the reactive nature of this case prevented the Government from obtaining all evidence that it intends to present at trial before indictment.  The Government has an interest in effectively preparing for trial, and a continuance of the discovery deadline in this case furthers that interest and avoids any potential miscarriage of justice.[10]  The Court therefore finds that the ends of justice served by the continuance of the discovery deadline outweigh the best interest of the public and the Defendants in a speedy trial.  The Court extends the discovery deadline to

---

[7] *Id.* § 3161(h).

[8] *Id.* § 3161(h)(7)(A).

[9] *Id.* § 3161(h)(7)(B).

[10] *See id.*

November 23, 2016, but notes that it will grant no further continuances. Additionally, the Court sets deadlines for pretrial motions and a trial date, as set forth below.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Jonathan Dehaven's Motion to Reconsider Court's Order Extending Discovery Deadline (Doc. 35) is **denied**.

**IT IS FURTHER ORDERED BY THE COURT** that the discovery deadline is continued until **November 23, 2016**. The pretrial motions deadline is continued until **December 5, 2016**. The deadline for responses to pretrial motions is continued until **December 12, 2016**. The Court sets a motions hearing for **January 4, 2017, at 9:00 a.m.** The Court continues trial in this case until **March 7, 2017 at 9:30 a.m.**

**IT IS SO ORDERED.**

Dated: September 13, 2016

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE